United States District Court
District of South Carolina

| | | |
|---|---|---|
| Ralph Woods *(aka Quilla Ralph Woods, Ralph Q. Woods)*, 71198; | ) ) ) | C/A No. 3:06-0262-JFA-JRM |
| Petitioner; | ) ) | |
| vs. | ) ) | **Report and Recommendation** |
| State of South Carolina; and Administrator, Anderson County Detention Center; | ) ) ) ) | |
| Respondents. | ) ) | |

The Petitioner, Ralph Woods (hereafter, "the Petitioner"), is a state prisoner proceeding *pro se*. He seeks relief pursuant to Title 28 United States Code either section 2241 or 2254. Under 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such prisoner cases and submit findings and recommendations to the District Court.

**BACKGROUND**

Under Houston v. Lack, 487 U.S. 266 (1988), the Petitioner commenced this action on January 17, 2006. It was not clear from the Petition whether he sought *habeas corpus* relief from a conviction in the Court of General Sessions under 28 U.S.C. § 2254 or other relief from custody under 28 U.S.C. § 2241. On January 27, 2006, the undersigned filed an order directing the Petitioner to bring this action into "proper form" pursuant to In Re: Procedures in Actions filed by Prisoners, 3:05-mc-5010, (D.S.C. November 1, 2005). The Petitioner was allowed twenty days, plus three days for mail time, to comply with the order.

The order was mailed to the Petitioner on January 30, 2006. At the time he commenced

1

this action, Petitioner was detained at the Anderson County Detention Center. On February 9, 2006, the undelivered envelope was returned to this Court, a little more than three weeks after Petitioner commenced his action. Unable to find any indication that Petitioner had been released or transferred to the custody of the South Carolina Department of Corrections (SCDC), the undersigned filed an order on February 21, 2006, directing that the petition not be served on the Respondents together with a Report recommending dismissal under Rule 41(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) for failure to prosecute and/or failure to comply with orders of the court. See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

On February 28, 2006, Petitioner filed objections to the Report suggesting that his mail had been withheld, thereby preventing his timely response to the original "proper form" order. The Honorable Joseph F. Anderson, Jr., Chief United States District Judge for the District of South Carolina, filed an order on March 22, 2006, granting Petitioner an additional twenty five days to comply with the "proper form" order and returning this case to the undersigned for review of any further filings by Petitioner.

On March 30, 2006, Petitioner filed a motion to proceed *in forma pauperis* together with his responses to the Court's Special Interrogatories. He has not filed a formal petition under either 28 U.S.C. § 2241 or § 2254. Petitioner's answers to interrogatories do reveal that he is awaiting trial on criminal charges related to ten (10) arrest warrants, most of which are dated March 20, 2005. Petitioner indicates that he is represented by an attorney in these pending criminal prosecutions.

2

## *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  Small v. Endicott, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4$^{th}$Cir. 1995)cert. denied, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4$^{th}$Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4$^{th}$Cir. 1979).

## EXHAUSTION OF STATE REMEDIES

The undersigned concludes that Petitioner seeks relief under 28 U.S.C. § 2254 from potential convictions in the pending criminal cases.  Such relief may only be pursued in this Court after the Petitioner has exhausted his state court remedies.  See 28 U.S.C. § 2254(b);

3

Picard v Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973).  The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  In Mallory v. Smith, 27 F. 3d 992, 994 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit declared that the habeas petitioner must "make more than a perfunctory jaunt through the state court system."  A Petitioner is required to present fully and squarely to the state courts the same issues upon which he would rely in this Court.

In Matthews v. Evatt, 105 F3d. 907 (4thCir. 1997), cert. denied, 522 U.S. 833 (1997), the Fourth Circuit once again reviewed the authorities on the exhaustion requirement (including Mallory) and declared that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." 105 F 3d at 910-911 (citations omitted).

Federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances.  See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971). Petitioner has failed to allege extraordinary circumstances in this case.   Any claim of Petitioner that he has been denied speedy trial is one which state courts South Carolina are competent to determine in the course of his criminal proceedings.  The United States Court of Appeals for the Fourth Circuit, in which this Court is located, has directed the federal district courts to abstain from constitutional challenges which have been or could be presented in ongoing state judicial proceedings.  Cinema Blue of Charlotte, Inc., v. Gilchrist, 887 F. 2d 49, 50-53 (4th Cir. 1989), cert. denied, 494 U.S. 1030 (1990).

If Petitioner is ultimately convicted, despite his claims of constitutional violations, his state remedies begin with a direct appeal.  If his direct appeal is unsuccessful, he can file an application for post-conviction relief under S.C. Code Annotated § 17-27-10 through § 17-27-160.  A PCR applicant in South Carolina may appeal a denial of relief by the Court of Common Pleas through a Petition for Writ of Certiorari to the South Carolina Supreme Court.  See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).  Only after he has exhausted these state remedies can Petitioner challenge and collaterally attack his conviction in this Court through a petition for writ of *habeas corpus*.

## RECOMMENDATION

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.  *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  The petitioner's attention is directed to the notice on the next page.

       Respectfully Submitted,

       s/Joseph R. McCrorey
       United States Magistrate Judge

April 26, 2006
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("Petitioner's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

6